UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: PATRIOT NATIONAL, INC.,
SECURITIES LITIGATION                                           MDL No. 2870


ORDER DENYING TRANSFER


**Before the Panel:** Plaintiffs in an action pending in the Southern District of Florida (*McIntire*) move to centralize four actions in the Southern District of Florida. Two actions are pending in the Southern District of Florida, and two in the Southern District of New York, as listed on the attached Schedule A. Plaintiffs in the New York actions oppose centralization, as do defendants Christopher Pesch and Quentin P. Smith, Jr.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of this litigation. Undoubtedly, these actions share factual issues arising from allegations of financial misconduct involving Patriot National, Inc., a provider of technology and outsourcing solutions to the insurance industry, which filed for Chapter 11 bankruptcy in January 2018. But, there are, in reality, only three actions, as the New York actions have been consolidated. Further, plaintiffs in the Florida actions are represented by common counsel. As we have stated, "where only a minimal number of actions are involved, the moving party generally bears a heavier burden of demonstrating the need for centralization." *In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). The *McIntire* plaintiffs have not carried that burden.

In addition to the small number of actions, the litigation appears to be at an advanced stage. According to counsel for the New York plaintiffs, a settlement in principle has been reached with the Patriot National director and officer defendants. They represent that they anticipate filing a motion for preliminary approval of that settlement by late December. If that is the case, there is little, if any, need for centralization.

In the event that the settlement is not consummated, and significant pretrial proceedings are required, alternatives to centralization seem practicable. For example, in *McIntire*, a motion to transfer the case to the Southern District of New York under 28 U.S.C. § 1404 or the first-to-file rule is pending. *See In re: Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012) ("[W]here a reasonable prospect exists that the resolution of a Section 1404 motion or motions could eliminate the multidistrict character of a litigation, transfer under Section 1404 is preferable to Section 1407 centralization."). Although no such motion has been filed yet in the other Florida case (*Kaniki*), an order granting transfer of *McIntire* likely would spur similar

motion practice.[1] Even if transfer is denied, the limited number of actions suggests that cooperation and informal coordination by the involved courts and counsel should be feasible. *See In re: Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978) (listing various methods of minimizing duplicative pretrial proceedings).

Finally, the record provides at least some support for the argument of the New York plaintiffs that the true animating force behind this Section 1407 motion is the *McIntire* plaintiffs' dissatisfaction with the lead plaintiff/lead counsel appointment process that took place in the New York actions, and their corresponding quest to reopen that process. Section 1407's purposes do not include resolving disputes among counsel over control of the litigation. Whatever the merits of the *McIntire* plaintiffs' aggrievement, they are not properly before the Panel.[2] *See In re: Kauffman Mutual Fund Actions*, 337 F. Supp. 1337, 1339-40 (J.P.M.L. 1972) ("The framers of Section 1407 did not contemplate that the Panel would decide the merits of the actions before it and neither the statute nor the implementing Rules of the Panel are drafted to allow for such determinations.").

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

Lewis A. Kaplan          Ellen Segal Huvelle
R. David Proctor         Catherine D. Perry
Karen K. Caldwell        Nathaniel M. Gorton

---

[1] We note that *Kaniki* is the most recently filed of the four actions, and the *Kaniki* plaintiff is a New York resident.

[2] Indeed, the *McIntire* and *Kaniki* plaintiffs already have brought the issue to the proper forum by filing a motion in the consolidated New York action seeking the reopening of the lead plaintiff appointment process.

**IN RE: PATRIOT NATIONAL, INC.,**
**SECURITIES LITIGATION** MDL No. 2870

## SCHEDULE A

<u>Southern District of Florida</u>

MCINTIRE, ET AL. v. MARIANO, ET AL., C.A. No. 0:18-60075
KANIKI v. MARIANO, ET AL., C.A. No. 0:18-62097

<u>Southern District of New York</u>

GINGELLO v. PATRIOT NATIONAL, INC., ET AL., C.A. No. 1:17-01866
KAYCE v. PATRIOT NATIONAL, INC., ET AL., C.A. No. 1:17-07164